NOT DESIGNATED FOR PUBLICATION

No. 126,188

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RYAN WATSON,
*Appellee*,

v.

MARGUERITE P. WALKER, Trustee of the
Marguerite P. Walker Trust, dated February 3, 1997,
Marguerite Walker, and Johnnie A. Walker*,
Defendants*,

and

LISA WALKER YEAGER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; BILL L. KLAPPER, judge. Oral argument held October 29, 2024. Opinion filed November 22, 2024. Affirmed.

*Rosie M. Quinn*, of Rosie M. Quinn Attorney LLC, of Kansas City, for appellant.

*Rick Rehorn*, of Tomasic & Rehorn, of Kansas City, for appellee.

Before CLINE, P.J., MALONE and SCHROEDER, JJ.

PER CURIAM: After real estate in Wyandotte County was conveyed to Ryan Watson by a quitclaim deed in 2018, he petitioned the district court to quiet title to the property in his name. Watson provided the chain of title to the district court and moved for summary judgment granting him fee simple title to the property. Lisa Walker Yeager, as a named party in the quiet title action, objected to the summary judgment motion,

1

claiming the property was owned by a Trust of which she was a beneficiary. The district court granted Watson's motion for summary judgment, and Lisa timely appeals. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 1984, Johnnie and Marguerite Walker, husband and wife, acquired by warranty deed a certain parcel of real property (the property) in Wyandotte County. Johnnie and Marguerite eventually conveyed the property to themselves as joint tenants and not as tenants in common. Johnnie died in 1996.

In February 1997, Marguerite quitclaimed the property to Marguerite P. Walker, trustee of the Marguerite P. Walker Trust dated February 3, 1997 (the trust). The trust document is not in the record on appeal and was never produced before the district court. The record suggests Nichole Pinkard was the trustee of the trust after Marguerite died; however, Pinkard resigned as trustee in 2019.

In 2007, Marguerite quitclaimed the property to Bennie Gipson. The quitclaim deed showed Marguerite Walker was the grantor, not the trust. Marguerite died in 2008. In 2014, Gipson quitclaimed the property to Michael Adams. In 2018, Adams quitclaimed the property to Watson. A title report disclosed the clouded title from the conveyance in 2007 between Marguerite, as an individual, and Gipson. In response to the title report, Watson petitioned to quiet title to the property he acquired from Adams in Wyandotte County. Watson noted in his petition:

"Marguerite Walker failed to transfer title to Bennie Gipson on August 14, 2007 correctly. The property was under her trust at the time of the transfer. . . .
    "[] Bennie Gipson quit claimed the property to Michael Adams on May 7, 2014. . . .

2

"[] Michael Adams quit claimed the property to the current owner Ryan Watson on March 12, 2018."

Watson asked the district court for a judgment in his favor, granting him fee simple title to the property, "free and clear of all right, title, and interest of the defendants."

Lisa, an heir of Marguerite, filed a pro se answer with counterclaims to Watson's petition. Lisa argued Marguerite deeded the property to the trust and therefore did not have authority to transfer or sell the property once it was in the trust. Lisa's response also included counterclaims, requesting the district court to cancel any deed conveying the property to Watson and find the property belongs to the trust she was a beneficiary of.

In May 2022, Watson filed a motion for summary judgment and memorandum in support of his motion. Lisa denied certain facts and again argued Marguerite could not transfer the property to Gipson because the property at issue was owned by the trust. Lisa made a conclusory contention the trust was irrevocable and could not be modified without the consent of the beneficiaries. Lisa filed an amended answer to Watson's memorandum in support of summary judgment, which appeared substantially the same as the original answer.

A few weeks later, Lisa filed a separate answer and affirmative defenses to Watson's motion for summary judgment. Watson then filed a motion for judgment, explaining Lisa failed to follow Supreme Court Rule 141 (2024 Kan. S. Ct. R. at 220) in responding to his motion for summary judgment and asking the district court to quiet title to the property in his name.

After conducting a hearing on the motion for summary judgment, the district court issued a memorandum decision granting Watson's motion for summary judgment. The transcript of the hearing is not in the record on appeal. In its memorandum decision, the

district court explained Lisa failed to comply with Kansas Supreme Court rules in her response to Watson's motion for summary judgment and noted Lisa submitted no evidence to support the existence of an irrevocable trust. The district court further explained all buyers purchased the property in good faith and the conveyances were a matter of public record since 2007.

ANALYSIS

Lisa argues the district court erred in granting Watson's motion for summary judgment because the pleadings and documents show the property at issue belongs to the trust. Lisa essentially contends the trust owned the property, not Marguerite; therefore, Marguerite could not convey the property. Lisa suggests the property is still owned by the trust despite multiple conveyances. Lisa asks us to reverse the district court's finding and quiet title to the property in the name of the trust.

Watson responds Lisa failed to comply with Rule 141 in contesting the uncontroverted facts asserted in Watson's summary judgment motion. Watson requests we deny Lisa's appeal and affirm the district court's grant of summary judgment.

The standard of review for appeal from an order of summary judgment is well-settled:

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. The district court must resolve all facts and reasonable inferences drawn from the evidence in favor of the party against whom the ruling is sought. When opposing summary judgment, a party must produce evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issue in the case. Appellate courts apply the same rules and,

4

where they find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment is inappropriate. Appellate review of the legal effect of undisputed facts is de novo." *GFTLenexa, LLC v. City of Lenexa*, 310 Kan. 976, 981-82, 453 P.3d 304 (2019).

"If the party opposing summary judgment fails to properly controvert the moving party's statements of fact, those facts are deemed admitted." *State ex rel. Stephan v. Commemorative Services Corp.*, 16 Kan. App. 2d 389, 401, 823 P.2d 831 (1991). To survive a motion for summary judgment, the nonmoving party must do more than just controvert the facts set forth in the motion for summary judgment. The nonmoving party "has an affirmative duty to come forward with facts to support its claim, although it is not required to prove its case." 16 Kan. App. 2d at 401.

Rule 141(a)(2) provides that for each fact in a motion for summary judgment, there must be "precise references to pages, lines and/or paragraphs . . . of the portion of the record on which the movant relies." 2024 Kan. S. Ct. R. at 220. Rule 141(b)(1)(C)(ii) applies to controverted facts in a memorandum opposing summary judgment. A memorandum or brief opposing a motion for summary judgment must also "concisely summarize the conflicting testimony or evidence and any additional genuine issues of material fact that preclude summary judgment." Rule 141(b)(1)(C)(i) (2024 Kan. S. Ct. R. at 221). Our Supreme Court has cautioned that "Rule 141 is not just fluff—it means what it says and serves a necessary purpose." *McCullough v. Bethany Med. Center*, 235 Kan. 732, 736, 683 P.2d 1258 (1984). "A party whose lack of diligence frustrates the trial court's ability to determine whether factual issues are controverted falls squarely within the sanctions of Rule 141." *Slaymaker v. Westgate State Bank*, 241 Kan. 525, 531, 739 P.2d 444 (1987).

Lisa denied facts 7 through 12 in Watson's motion for summary judgment. Those facts specifically alleged:

5

"7.     Defendant Marguerite Walker, now a single person conveyed the real estate to Bennie [Gipson] on August 14, 2007. Deed attached as Exhibit E.

"8.     Defendant Marguerite Walker died on October 12, 2008. (Plaintiff's Petition paragraph 2).

"9.     Bennie [Gipson] conveyed the real estate to Michael Adams on May 7, 2014. Deed attached as Exhibit F.

"10.    Michael Adams conveyed the property to Plaintiff, Ryan Watson on March 12, 2018. Deed attached as Exhibit G.

"11.    The property was sold before Marguerite P. Walker passed away. Title Report attached as Exhibit A.

"12.    That Defendant Lisa Walker Yeager's name appears no-where [*sic*] in the chain of Title. Title Report attached as Exhibit A."

In her response, Lisa simply wrote "DENIED" next to facts 9 through 12. As for fact 8, Lisa merely stated: "DENIED IMPROPER CONVEYANCE." Lisa failed to concisely summarize the conflicting testimony or evidence related to facts 8 through 12 and did not allege any genuine issues of material fact that precluded summary judgment. Lisa also failed to provide precise references to the record. See Rule 141(b)(1)(C)(ii). While Lisa was not necessarily required to prove her case, as the nonmoving party Lisa had an affirmative duty to come forward with facts to support her claim, such as a copy of the trust, and failed to do so. See *Commemorative Services Corp.*, 16 Kan. App. 2d at 401.

As for fact number 7, Lisa stated:

"DENIED

"Mrs. Marguerite Walker deeded the property . . . to her Irrevocable Trust and NEVER deeded the property back to herself. When transferring [the property] to Benny [Gipson] the ownership of the property . . . was Beneficiaries of the Trust. Mrs. Walker had NO AUTHORITY to transfer the title in an Irrevocable trust with beneficiaries."

6

Lisa provided a conclusory statement to support her position and attempt to controvert Watson's statement of fact number 7 without providing a precise reference to the record. Lisa has failed to affirmatively come forward with facts to support her claim. Lisa made conclusory contentions the trust was irrevocable and she was a beneficiary. While Lisa may be Marguerite's sole living heir, without the trust document we do not know whether she was a beneficiary. Even more so, the district court could not determine whether the trust had a spendthrift provision under K.S.A. 2023 Supp. 58a-502, restraining either the voluntary or involuntary transfer of a beneficiary's interests, or whether the trust was revocable or irrevocable. If the trust was revocable, the settlor, Marguerite, could revoke the trust without the consent of a person holding an adverse interest. See K.S.A. 2023 Supp. 58a-103(13). Lisa seems to suggest on appeal the whereabouts of the trust would have been uncovered through discovery had the case proceeded that far. But the record contains no factual support showing the trust document still exists. Again, Lisa failed to affirmatively come forward with facts to support her claim.

On the other hand, Watson provided a series of quitclaim deeds beginning with Marguerite transferring the property by quitclaim deed to Gipson before she passed away. Even if we found Lisa sufficiently complied with Rule 141—which we do not—in controverting Watson's facts, her argument still fails.

The record reflects Marguerite conveyed the property to the trust before conveying the property to Gipson. The issue before the district court was whether Marguerite could convey the property to the trust and later convey the property as an individual. Lisa acknowledges in her brief on appeal Marguerite was the trustee of the trust.

K.S.A. 2023 Supp. 58a-810(e) states:

"Any property may be acquired in the name of the trust or in the name of the trustee. Property titled in the trust name may be conveyed in the trust name or in the name of the trustee of that trust, provided that the trust name is clearly set forth in the conveyance."

In *Taliaferro v. Taliaferro*, 260 Kan. 573, 580, 921 P.2d 803 (1996), our Supreme Court explained:

"Where, as here, the settlor and the trustee are the same person, no transfer of legal title is required, since the trustee already holds legal title. The important question in such cases is whether an equitable interest has been divested to a cestui que trust by the settlor. If such a transfer of an equitable interest is made, the separation of equitable and legal interests required to support a trust is present, and the settlor-trustee holds legal title to the trust property subject to the trust."

Here, the settlor and trustee were the same person—Marguerite—and no transfer of legal title was required. As the record does not contain the trust document, the record is insufficient to establish whether Marguerite divested an equitable interest to a beneficiary. Though Marguerite failed to properly convey the property as trustee of the trust, she was the settlor of the trust and clearly intended to convey the property to Gipson. The record does not reflect, and the parties do not argue, Marguerite was not of sound mind or lacked capacity to convey the property.

Lisa failed to furnish a sufficient record on appeal to show the property still belonged to the trust or that she was a beneficiary of the trust. See *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 623-24, 244 P.3d 642 (2010) (party asserting argument has responsibility for providing record on appeal sufficient to support argument).

Affirmed.